■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and LEONARD J. STEEN, JR., Respondent.— In a proceeding by the MVAIC: (1) to vacate a demand for arbitration by an automobile accident claimant; or (2) in the alternative, to stay such arbitration pending the determination of a prior declaratory judgment action instituted by the claimant (Steen) against the allegedly responsible driver (Kloss), his insurer and the MVAIC, to determine the validity of said insurer's disclaimer of liability, the petitioner, MVIAC, appeals from an order of the Supreme Court, Kings County, dated March 23, 1964, which denied its application. Order modified on the law and facts: (1) by striking out the decretal paragraph denying the application in its entirety; and (2) by substituting therefor a paragraph granting the application to the extent of staying arbitration pending determination of the claimant's action for a declaratory judgment, and a paragraph denying the application in all other respects. As so modified, the order is affirmed, without costs. When the claimant Steen instituted his action in the Supreme Court for a declaratory judgment to determine the validity of the disclaimer of liability made by the insurer for the allegedly responsible driver, he (the claimant) thereby waived his right to proceed first to arbitration on the issues of liability and damages; and such waiver remained effective during the pendency of that action. MVAIC, which had been made a defendant in that action for a declaratory judgment, had interposed a cross claim against the insurer, a codefendant. MVAIC was thus put to the expense and prejudice of a trial and a subsequent appeal which ultimately resulted in this court's reversal of the judgment and the granting of a new trial (*Steen* v. *Kloss,* 20 A D 2d 663). Under the circumstances, MVAIC has an important interest in seeking a final determination of that pending action; and it would be substantially prejudiced if it were now forced first to arbitrate the issues of liability and damages, in view of the possibility that, in that action, the insurer may be declared to be obligated to defend its disclaimed insured, thereby obviating entirely the need for arbitration. Accordingly, we hold that, because of the pendency of that action and because it was instituted by the claimant Steen himself, and MVAIC is now entitled to a resolution of the issues relating to the validity of the insurer's disclaimer prior to arbitration of any other issues between the claimant and MVAIC. This holding does not offend or detract from the force of our two earlier decisions (*Matter of MVAIC* [*Lucash*], 16 A D 2d 975 and *Matter of MVAIC* [*Malone*], 19 A D 2d 542, mot. for lv. to app. granted, 19 A D 2d

698

660). There we held that, in the absence of any dispute as to the fact of disclaimer of liability, a judicial determination of the validity of such disclaimer was not a condition precedent to arbitration. In neither of those two cases, however, was there a pending action affecting the related issues, nor any conduct by the party demanding arbitration which could have prejudiced the MVAIC's position in the controversy. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.